The STATE of Ohio, Appellee,

v.

PHILLIPS, Appellant.

[Cite as *State v. Phillips* (1990), 69 Ohio App.3d 379.]

Court of Appeals of Ohio,
Hamilton County.

Nos. C–890243, C–890253.

Decided Sept. 12, 1990.

*Arthur M. Ney, Jr.,* Prosecuting Attorney, and *Ron W. Springman,* for appellee.

*Sand & Stidham* and *Chuck R. Stidham,* for appellant.

*Per Curiam.*

These appeals arise from defendant Curtis Phillips's conviction on two counts of aggravated robbery with firearm specifications, three counts of robbery with firearm specifications, and two counts of theft. The defendant contends, in three assignments of error, that he was denied a speedy trial, that his counsel was ineffective and that he was improperly convicted on the firearm specifications. For the reasons that follow, we overrule the first and second assignments of error and sustain the defendant's third assignment of error.

On May 26, 1988, a Provident Bank in Hamilton County was held up by the defendant. Rhonda Hood was the teller on duty when the defendant presented a withdrawal slip on an account he had opened six days earlier. His request to withdraw money from the account was denied because of the bank's policy covering new accounts. While still standing at the teller window, the defendant placed one hand in a bag, told Ms. Hood he had a pistol and would shoot her, and demanded that she give him all the money in her cash drawer. She complied with the defendant's demand and removed the money from her cash drawer. As the defendant left the bank, his picture was taken by the bank's cameras.

On May 28, 1988, the defendant entered the First National Bank on Reading Road in Hamilton County and asked the teller on duty for a roll of quarters. After receiving the coins, the defendant returned to the teller and told her that he had a gun and wanted large bills. When the teller hesitated, he threatened to kill her. The teller eventually gave the defendant the money, which contained a pack of dye that exploded in the parking lot as the defendant fled from the bank.

On May 31, 1988, the defendant stopped at a gasoline station at Cooper and Reading Roads in Hamilton County. He was carrying a gas can and requested that the attendant on duty fill the can. The defendant gave the attendant $10 and further requested a pack of cigarettes. When the attendant returned with the cigarettes and the defendant's change, the defendant grabbed a roll of currency from the attendant's hand and fled. He was later apprehended by the police.

In his first assignment of error, the defendant contends the court erred in overruling his motion to dismiss the charges against him on the basis that he was denied his right to a speedy trial. The defendant contends that because he was held in jail until he was brought to trial, he was entitled to have the charges prosecuted within ninety days of his arrest, as provided in R.C. 2945.71(E).

According to the record, during the period the defendant was held in jail on the charges *sub judice*, he was also being held for a probation violation. The triple-count provision of R.C. 2945.71(E) is, by its terms, applicable only to defendants held in jail in lieu of bail solely on the pending charges. *State v. McDonald* (1976), 48 Ohio St.2d 66, 2 O.O.3d 219, 357 N.E.2d 40, paragraph one of the syllabus. It does not come into play where, as here, a defendant faces, in addition to the pending charges, a charge of a probation or parole violation. See *State v. Martin* (1978), 56 Ohio St.2d 207, 10 O.O.3d 369, 383 N.E.2d 585; *State v. Alexander* (June 17, 1987), Hamilton App. Nos. C–860530 and C–860555, unreported, 1987 WL 12739. In this case, the appropriate time limitation for the felony charges lodged against the defendant is in R.C. 2945.71(C), which gave the state two hundred seventy days in which to bring the defendant to trial in the court below. Because the record reflects that, as a result of, *inter alia*, various motions that extended the running of time, the defendant was brought to trial within the applicable two-hundred-seventy-day limit, the first assignment of error is overruled.

The defendant, in his second assignment of error, contends that he was plagued by ineffective assistance of counsel in the trial court. He argues that his counsel failed to request discovery of photographic and fingerprint evidence prior to trial, asserting further that his defense was prejudiced because

he was not permitted to view the fingerprint evidence until the morning of trial.

To establish a claim of ineffective assistance of counsel, the defendant must prove (1) that there was a substantial violation of defense counsel's essential duties to his client, and (2) that the defense was prejudiced by counsel's ineffectiveness. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373. Because defense counsel is presumed to have rendered adequate assistance, it must be shown that counsel's representations fell below an objective standard of reasonableness. *Strickland, supra,* at 687–689, 104 S.Ct. at 2064–2065, 80 L.Ed.2d at 693–695; *State v. Wickline* (1990), 50 Ohio St.3d 114, 124–125, 552 N.E.2d 913, 924–925.

Our review of the record reveals that defense counsel did, in fact, seek discovery of both the photographic evidence and the fingerprint evidence in an oral motion presented to the court below on December 12, 1988. The record further reflects that defense counsel conducted a thorough cross-examination of the prosecution expert who gave testimony concerning the fingerprint evidence. Under these circumstances, we conclude that there was no demonstrable violation of a duty owed by defense counsel, and that there was no prejudice to the defendant. The second assignment is overruled.

In his last assignment of error, the defendant contends that he was improperly convicted by the trial court on the gun specifications. His argument focuses on the prosecution's asserted failure to prove that he was in possession of an operable firearm at the time the offenses were committed. We sustain this assignment for the following reasons.

In *State v. Gaines* (1989), 46 Ohio St.3d 65, 545 N.E.2d 68, the Ohio Supreme Court held that "prior to the imposition of an additional term of three years' actual incarceration for possession of a firearm during the commission of a felony [pursuant to R.C. 2923.11(B) and 2929.71(A) ], the state must prove beyond a reasonable doubt that the firearm was operable or could readily have been rendered operable at the time of the offense." In *State v. Murphy,* (1990), 49 Ohio St.3d 206, 551 N.E.2d 932, the court further held that "such proof can be established beyond a reasonable doubt by the testimony of lay witnesses who were in a position to observe the instrument and the circumstances surrounding the crime."

In the case *sub judice,* the bank tellers testified about the defendant's threats to shoot them, but at no time was there any testimony that the defendant actually produced a visible weapon. Moreover, there was no weapon to introduce into evidence at the trial. Under these circumstances, we

hold that the lay testimony concerning the threatened shootings was, without more, legally insufficient to warrant convictions on the gun specifications.

The defendant's third assignment of error is sustained and the convictions on the gun specifications are vacated. This cause is remanded to the trial court for the modification of the defendant's sentence in accordance with law. In all other respects, the trial court's judgment is affirmed.

*Judgment accordingly.*

UTZ, P.J., DOAN and GORMAN, JJ., concur.