The STATE of Ohio, Appellee,

v.

THOMPSON, Appellant.

[Cite as *State v. Thompson* (1994), 97 Ohio App.3d 183.]

Court of Appeals of Ohio,
Sandusky County.

No. S–93–39.

Decided Sept. 16, 1994.

*John E. Meyers,* Sandusky County Prosecuting Attorney, and *Ronald J. Mayle,* Assistant Prosecuting Attorney, for appellee.

*Jerry Arthur Jewett,* for appellant.

SHERCK, Judge.

Appellant, Nathan J. Thompson, was indicted May 19, 1993, by a Sandusky County Grand Jury on one count of aggravated robbery, with a firearm specification. As a result of the indictment, appellant was arrested on July 14, 1993 and was arraigned the following day in the Sandusky County Court of Common Pleas. Appellant entered a plea of not guilty and bond was set in the amount of $10,000; the record does not indicate that this bond was posted.

The initial trial date was set for September 21, 1993. That trial date was later reassigned to October 5, 1993, with no explanation included in the record for the change. The trial date was again reassigned to October 13, 1993; this time the reassignment notice contained a notation that the continuance was requested by the court. The case was once more reassigned; the new trial date was set for October 19, 1993. This last reassignment notice did not contain any explanation for the change.

Appellant's trial did commence on October 19, 1993, and appellant was convicted by a jury of aggravated robbery with the specification of possession of a firearm. A judgment entry was journalized on October 25, 1993, accepting the jury verdicts and sentencing appellant to ten to twenty-five years, with three years of additional actual incarceration to be served for the firearm specification. The trial court noted that as of the date of sentencing, appellant was "entitled to 98 DAYS credit against the sentence imposed."

Appellant filed a notice of appeal on October 28, 1993, setting forth the following three assignments of error:

*"ASSIGNMENT OF ERROR NUMBER ONE*

"The defendant was not brought to trial within 90 days of his arrest and is entitled to be discharged because he was not tried within the time required under the Speedy Trial Statute, Ohio Revised Code Sections 2945.71–73, even though he was in custody during that entire period of time, and there is no reason articulated in the record to justify an exception to the clear requirements of the statute.

*"ASSIGNMENT OF ERROR NUMBER TWO*

"Appellant was denied his constitutional right to effective assistance of counsel in that his counsel did not timely move for a discharge of appellant for failure of the State to bring him to trial within 90 days after he was placed in jail under bond in this case, as required by 2945.73(B), Ohio Revised Code.

*"ASSIGNMENT OF ERROR NUMBER THREE*

"It was reversible error for the jury to find defendant guilty of the specification in the indictment that he had a firearm on or about his person during the commission of the alleged offense."

## I

Appellant's first and second assignments of error will be discussed together.

The right to a speedy trial is guaranteed by the Constitutions of both the United States and the state of Ohio. Sixth Amendment to the Constitution of the United States; Section 10, Article I, Constitution of Ohio. The Ohio General Assembly has attempted to quantify this "amorphous" right since 1869. *State v. Pachay* (1980), 64 Ohio St.2d 218, 219, 18 O.O.3d 427, 427, 416 N.E.2d 589, 590. Its most recent pronouncement is embodied in the "speedy trial" statutes, R.C. 2945.71 through 2945.73, which the Supreme Court of Ohio "has repeatedly announced that the trial courts are to strictly enforce * * *." *Id.* at 221, 18 O.O.3d at 429, 416 N.E.2d at 591. R.C. 2945.71(C) and (E) provide that one who is accused of a felony and is "held in jail in lieu of bail on the pending charge" shall be brought to trial within ninety days of his or her arrest.[1]

In the instant matter, appellant was arrested on July 14, 1993, and not brought to trial until October 19, 1993: a period of ninety-seven days as computed pursuant to R.C. 1.14. Appellant argues that, because the ninety-seven days between the beginning of his incarceration and the trial exceeds the maximum statutory time and the record contains no cognizable explanations for the delay, appellant is entitled to discharge and the trial court committed plain error for failing to *sua sponte* grant the same.

Appellant's argument is specious in two respects. First, the record contains a document captioned "speedy trial calculations" upon which the notation "7–14–93 holder placed and served on him" appears. Elsewhere on the face of this document is the phrase "prob" and "parole viol. holder from Weaver's court." The words "prob" and "parole" are interlineated. This document appears to be

---

1. Certain exceptions apply which are not relevant to this appeal. See R.C. 2945.72. A two-hundred-seventy-day period is permitted for an accused who is not incarcerated in lieu of bail. R.C. 2945.71(C)(2).

an attachment to the trial court's judgment entry on arraignment. The provisions of R.C. 2945.71 that accelerate the speedy trial requirements apply only to one held in jail in lieu of bail solely on the pending charges. *State v. McDonald* (1976), 48 Ohio St.2d 66, 2 O.O.3d 219, 357 N.E.2d 40, paragraph one of the syllabus. Where, in addition to the pending charges, a defendant is held for a parole or probation violation, the acceleration of time is not triggered. *State v. Phillips* (1990), 69 Ohio App.3d 379, 381, 590 N.E.2d 1281, 1282. Therefore, if appellant was on a parole or probation "holder" during this period, no violation of the speedy trial statute occurred.

Appellant argues that the document containing the "speedy trial calculations" is insufficient to show that he was held on a parole or probation "holder" and that, in any event, such a holder was predicated on the same charges for which he was tried in this matter. This, appellant suggests, distinguishes his case from the line of cases following *McDonald, supra,* 48 Ohio St.2d at 71, 2 O.O.3d at 221, 357 N.E.2d at 43, which stands for the proposition that, when a defendant is held in jail or prison for any reason other than awaiting trial for the crime at issue, the speedy trial time is not accelerated. In support of this proposition, appellant cites *State v. Sisco* (June 28, 1982), Fairfield App. No. 2-CA-82, unreported, 1982 WL 5462.

Appellant is correct insofar as the "speedy trial calculations" document does not show the exact nature of the "holder" with which appellant was served. Therefore, we are unable to determine whether the premise of appellant's argument distinguishing *McDonald* is accurate. Nonetheless, we note that the Supreme Court of Ohio has considered appellant's identical proposition and rejected it. See *State v. Martin* (1978), 56 Ohio St.2d 207, 210–211, 10 O.O.3d 369, 370–371, 383 N.E.2d 585, 587.

Finally, even were we to determine that the "speedy trial calculation" document is insufficient to establish a probation holder or, for that matter, even if no document whatsoever appeared in the record on this matter, appellant could still not prevail on these assignments. There is no need to reference such a holder unless the defendant properly raises the speedy trial issue.[2] The plain language of the statute states that the proper method of raising this issue is "[u]pon motion made at or prior to the commencement of trial * * *." R.C. 2945.73(B). It is the motion that triggers the prosecution's duty to produce evidence (*e.g.,* a parole or probation "holder"), which negates the defendant's assertion that his trial has been too long delayed.

---

2. The better practice, however, when a court grants a continuance beyond the statutory period would be to include such a document if practicable.

Were we to adopt appellant's position, a defendant could simply wait until his direct appeal to initially raise the speedy trial issue. On direct appeal, an appellate court can consider only the evidence to which the trial court was privy. See App.R. 9. Therefore, under such a scenario, the state would be foreclosed from supplementing the record to show that an appellant was being held on a holder from another case.[3] Were we to find a failure to dismiss under such circumstances as plain error, justice would not be served. Accordingly, appellant's first assignment of error is not well taken.

With regard to appellant's second assignment of error, as we have discussed above, from the record before us it is not possible to discern whether there was a reasonable probability that a motion to dismiss on speedy trial grounds would have been successful. Therefore, appellant has failed to demonstrate that his trial counsel was ineffective for failing to raise such a motion. See *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.[4] Accordingly, appellant's second assignment of error is not well taken.

## II

Appellant's remaining assignment of error challenges the sufficiency of the evidence to support the jury's finding that an operating firearm was used in the commission of the crime of which appellant was accused. Appellant suggests that, because none of the several witnesses who described the silver revolver used in the robbery testified to seeing bullets in the weapon, the state failed to prove that it was operable so as to support a guilty verdict on the R.C. 2929.71 firearm specifications.

R.C. 2923.11 defines a "firearm" as:

"(B)(1) * * * any deadly weapon capable of expelling or propelling one or more projectiles by the action of an explosive or combustible propellant. 'Firearm' includes an unloaded firearm, and any firearm which is inoperable but which can readily be rendered operable.

"(2) When determining whether a firearm is capable of expelling or propelling one or more projectiles by the action of an explosive or combustible propellant, the trier of fact may rely upon circumstantial evidence, including, but not limited to, the representations and actions of the individual exercising control over the firearm."

---

3. Such a motion in this matter was, in fact, denied by this court.

4. We also note that DR 7–104 prevents a lawyer from advancing defenses that are unwarranted. In this case, if the trial lawyer knew that appellant was properly being held on a parole or probation holder, he would be prevented from ethically filing such a motion.

An examination of the record reveals testimony that the robbery participant who wielded the small silver revolver pointed it at the head of a victim and said that he would kill her if she said anything. This clearly is a representation and action of an individual exercising control over the firearm by which a jury could have reasonably inferred that the weapon was loaded and operable. This alone is sufficient to support the jury's verdict on the firearm specification. See *State v. Murphy* (1990), 49 Ohio St.3d 206, 551 N.E.2d 932, syllabus; *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus. Accordingly, appellant's third assignment of error is not well taken.

Upon consideration whereof, the judgment of the Sandusky County Court of Common Pleas is affirmed. It is ordered that appellant pay court costs of this appeal.

*Judgment affirmed.*

GLASSER, J., concurs.

HANDWORK, J., concurs separately.

HANDWORK, Judge, concurring.

As my esteemed colleague, the Honorable James Sherck, recently acknowledged in an opinion he drafted for this court, " 'bad facts make bad law.' " *Miller v. Miller* (1993), 92 Ohio App.3d 340, 346, 635 N.E.2d 384, 387. I strongly believe that the "bad facts" in this case have led to the making of "bad law." The bad facts are that the appellant was convicted by a jury of aggravated robbery, but the record was not properly made to show that appellant received his constitutionally guaranteed right to a speedy trial. The "bad law" is the prevailing rule of law that the prosecution in a criminal trial has the burden of proof to show only that an exception to the statutorily established time limits for a speedy trial applies in a case if the counsel for the accused raises the issue of speedy trial in a motion to dismiss, and that the issue of speedy trial is waived for appeal if no motion is raised at trial. I reluctantly conclude that I must follow existing case law to reach the conclusion that appellant's right to raise the issue of speedy trial was waived in this case. However, I write separately to state that I believe this area of law should be re-examined by the Supreme Court of Ohio.

Under the current status of the law, if a defendant is unfortunate enough to be represented by counsel who fails to make a motion to dismiss for failure to provide a speedy trial, the prosecution and trial court have no obligation to show on the record that an exception to the speedy trial deadlines established by statute exist, and the defendant has no available remedy on appeal, even if the defendant was denied a speedy trial, because the defendant cannot prove a

negative; that is, the defendant cannot prove that no exception existed to the statutorily established speedy trial time limits. The defendant is therefore estopped from demonstrating ineffective assistance of counsel on appeal. In addition, the doctrine of waiver has been applied to prevent the defendant from first presenting a speedy trial issue on appeal. See, *e.g.*, *State v. Baldauf* (1990), 67 Ohio App.3d 190, 196, 586 N.E.2d 237, 241; *Worthington v. Ogilby* (1982), 8 Ohio App.3d 25, 27, 8 OBR 26, 28, 455 N.E.2d 1022, 1024; and *State v. Stoutemire* (Oct. 24, 1985), Cuyahoga App. No. 49685, unreported, 1985 WL 8500.

I believe that the burden should always rest with the prosecution and the trial court to show on the record if an exception to the statutory speedy trial limits exists in a case, even if no motion to dismiss on speedy trial grounds is filed. I also believe that the doctrine of plain error should be invoked by courts of appeal to bypass the waiver rule when the record shows a prima facie case for failure to provide a speedy trial. See *Reichert v. Ingersoll* (1985), 18 Ohio St.3d 220, 223–224, 18 OBR 281, 283–284, 480 N.E.2d 802, 805–806 (plain error is exception to the waiver rule).

My beliefs are based upon my view that the right to a speedy trial is fundamental in nature. The drafters of the Constitutions of our nation and of our state considered the right to a speedy trial vital. The drafters of those two documents believed the state's power to detain and try an individual on criminal charges must be limited by time constraints, to ensure that persons could not be held indefinitely and to ensure that the evidence did not grow stale. I am concerned when an individual who is convicted of a crime must be released from prison, but I am also aware that the courts of this state are bound to enforce the Constitution of the United States and the Constitution of the state of Ohio.

As acknowledged in the majority opinion, under Ohio law, an individual must ordinarily be brought to trial within two hundred seventy days after being arrested. R.C. 2945.71(C)(2). An individual held in jail in lieu of bail is entitled to be brought to trial within ninety days from the date the individual is arrested, because each day spent in jail is counted as triple. R.C. 2945.71(E). Some exceptions to the triple-time provision do exist, including the tolling of the triple time if the record shows that the individual being held in lieu of bail is being held on a probation holder, as well as on the current pending charges for which the individual is awaiting trial. See, *e.g.*, *State v. Baker* (1993), 92 Ohio App.3d 516, 526–528, 636 N.E.2d 363, 369–371; *State v. Martin* (1978), 56 Ohio St.2d 207, 211, 10 O.O.3d 369, 371, 383 N.E.2d 585, 587; *State v. Boggs* (Jan. 24, 1991), Adams App. No. 494, unreported, 1991 WL 13735, reversed on other grounds (1992), 63 Ohio St.3d 418, 588 N.E.2d 813; *State v. King* (Feb. 27, 1985), Summit App. No. 11759, unreported, 1985 WL 17384; and *State v. Stevenson* (Mar. 6, 1981), Mahoning App. No. 79 C.A. 135, unreported, 1981 WL 4848. In cases where a

defendant files a motion to dismiss at trial, alleging that the defendant is held in jail in lieu of bail solely on pending charges, and that more than ninety days have passed since the defendant's arrest, thus resulting in a failure to provide the defendant the right to a speedy trial, the Supreme Court of this state has announced that the motion creates a prima facie case for the defendant, and that the burden shifts to the prosecution to show on the record that a probation holder was formally served on the defendant, tolling the triple-time provisions of R.C. 2945.71(E). See, *e.g.*, *State v. Butcher* (1986), 27 Ohio St.3d 28, 30–31, 27 OBR 445, 445–446, 500 N.E.2d 1368, 1369–1370. The Supreme Court of this state has also squarely placed the burden on the trial court to file a judgment entry explaining the reasons for extending a trial date past the statutorily established trial deadline before the deadline expires, noting that: "The General Assembly has placed a burden upon the prosecution and the courts to try criminal defendants within a specified time after arrest." *State v. Mincy* (1982), 2 Ohio St.3d 6, 8, 2 OBR 282, 283, 441 N.E.2d 571, 572.

I see no reason why that same burden should not be placed on the prosecution and the trial court even when the defendant's counsel fails to file a motion for a speedy trial. The Supreme Court has noted that the state can easily show the existence of a probation holder by filing court records, a journal entry or jail records. *State v. Butcher* (1986), 27 Ohio St.3d 28, 30, 27 OBR 445, 446, 500 N.E.2d 1368, 1370, at fn. 4. Indeed, in this case, the prosecution sought to show the existence of the probation holder by supplementing the record with just such documents. Perhaps justice would have been better served in this case if those documents had been included in the record pursuant to App.R. 9(E). Unfortunately, the record, as it currently stands, contains only handwritten notations on a nebulous piece of paper, which, in my mind, are insufficient to show that a probation holder existed, or that it was served on appellant. I am therefore reluctant to assume that an exception to the ninety-day time limit applied, and am even more reluctant to assume that the entire issue of speedy trial has been irretrievably waived for appeal. However, as I stated at the opening, I reluctantly conclude that I have no choice, under the current status of the law, but to conclude that the prosecution had no burden in this case, and even if a burden did exist, the issue was waived for appeal.