DECISION AND JUDGMENT ENTRY
This is an appeal by the State of Ohio from a judgment of the Lawrence County Common Pleas Court dismissing the indictment against Donny Cremeans, defendant below and appellee herein, for violation of his rights to a "speedy trial." The following error is assigned for our review:
 "THE HONORABLE TRIAL COURT ERRED BY APPLYING THE `THREE FOR ONE' PROVISIONS OF OHIO REVISED CODE SECTION 2945.71 AND BY DISMISSING THE AGGRAVATED ROBBERY CHARGE AGAINST DEFENDANT."
The record reveals the following facts pertinent to the cause sub judice. On March 19, 1999, appellee entered a business establishment known as the "Bread Basket" in South Point, Ohio, and robbed its owner at gunpoint. He was arrested the following day and later confessed to authorities. The Lawrence County Grand Jury returned an indictment on May 26, 1999, charging him with aggravated robbery, in violation of R.C. 2911.01(A)(1), to which he entered a plea of "not guilty."
On June 22, 1999, appellee filed a motion to dismiss the charge. Appellee argued that he had been incarcerated since the day of his arrest, and that the statutory time frame in which to bring him to trial had expired. The State of Ohio filed a memorandum in opposition arguing that several days after appellee was arrested on the crime at issue herein, a magistrate in Cabell County, West Virginia, issued a capias for his arrest.[1] This warrant, the State concluded, afforded additional time to bring appellee to trial.
The matter came on for hearing on June 25, 1999, at which time Jim Cochran (Chief Deputy Sheriff of Lawrence County) testified that a LEADS check was performed when appellee was first "booked into jail" but that no outstanding warrants or "holds" were found.[2] Cochran further testified that another such check was performed the day of the motion hearing, and that the database still showed no outstanding warrant or "holder" on the prisoner (appellee). Cochran thus confirmed that appellee had been held solely on the charge pending in this case. The trial court ruled from the bench and granted appellant's motion to dismiss. Judgment to that effect was entered the same day. This appeal followed.
We begin our analysis of this case from the well-settled premise that the Sixth and Fourteenth Amendments to the United States Constitution guarantee a criminal defendant the right to a "speedy trial" by the state. See Klopfer v. North Carolina
(1967), 386 U.S. 213, 222-223, 87 S.Ct. 988, 993, 18 L.Ed.2d 1,8; also see State v. Adams (1989), 43 Ohio St.3d 67, 68,538 N.E.2d 1025, 1026, State v. Singer (1977), 50 Ohio St.2d 103,106, 362 N.E.2d 1216, 1218 at fn. 2. The same right is also assured by Section 10, Article I of the Ohio Constitution. SeeState v. O'Brien (1987), 34 Ohio St.3d 7, 8, 516 N.E.2d 218, 220,State v. Ladd (1978), 56 Ohio St.2d 197, 200, 383 N.E.2d 579,581. These rights are implemented by the statutory provisions set out in Sections 2945.71 to 2945.73 of the Ohio Revised Code.See State v. Thomas (Aug. 4, 1999), Lorain App. No. 98CA7058, unreported; State v. Wright (Jul. 8, 1993), Athens App. No. 92CA1537, unreported; State v. Slade (Dec. 8, 1992), Ross App. No. 1822, unreported. Those provisions require inter alia that accused felons be brought to trial within two hundred seventy (270) days of arrest. See R.C. 2945.71(C)(2). Each day that the accused is held in jail in lieu of bail on the pending charge is counted as three (3) days. Id. at (E).
However, this so-called "triple count" provision applies only when the defendant is held solely on the pending charge.See State v. Brown (1992), 64 Ohio St.3d 476, 479, 597 N.E.2d 97,99; State v. Butcher (1986), 27 Ohio St.3d 28, 30,500 N.E.2d 1368, 1369, State v. MacDonald (1976), 48 Ohio St.2d 66,357 N.E.2d 40, at paragraph one of the syllabus. It does not apply when a valid "holder" has been placed on the defendant detaining him in jail for some other reason. See generally State v. Mann
(1993), 93 Ohio App.3d 301, 313, 638 N.E.2d 585, 592; State v.Jones (1992), 81 Ohio App.3d 348, 350-351, 611 N.E.2d 329,330-331; State v. Phillips (1990), 69 Ohio App.3d 379, 381,590 N.E.2d 1281, 1282; State v. Dunkins (1983), 10 Ohio App.3d 72,75, 460 N.E.2d 688, 692. With these principles in mind, we turn our attention to the facts adduced below.
There is no question in this case that appellee had been held in jail for more than ninety (90) days at the time he filed his motion to dismiss. Thus, if the triple count provision of R.C. 2945.71(E) applies, the State failed to bring appellee to trial within the allotted time frame and the trial court correctly dismissed the charge. There is also no question that the State of West Virginia issued a bench warrant for appellee's arrest while he was incarcerated in Lawrence County. Testimony given below further reveals that despite the existence of that warrant, no "holder" was ever placed on appellee. Indeed, no evidence exists at all to indicate that Lawrence County law enforcement authorities were even aware of that warrant while appellee was in their custody. Consequently, the central issue herein is whether the mere existence of the capias, without more, is sufficient to toll the triple count provision. The trial court resolved that issue in the negative and we come to the same conclusion.
Both the statute and pertinent caselaw deal with the charge or charges on which the criminal defendant is being held. The word "hold" means to "restrain or constrain; to keep in custody."See Blacks Law Dictionary (5thEd. 1979) 658. This is an active verb and requires some degree of affirmative action or knowledge on the part of authorities. Common sense dictates that if no holder existed, or if authorities were unaware of any existing arrest warrant, they cannot be said to be holding a prisoner for either of those reasons. This was precisely the scenario here. A LEADS computer check showed no holder on appellee. No evidence was adduced below to show that anyone had any knowledge of the West Virginia capias during the time appellee was detained in jail. Indeed, Deputy Cochran clearly testified that appellee was held solely on the criminal charge at issue herein. Thus, we fully agree with the trial court that the triple count mechanism of R.C. 2945.71(E) applied in this case and that appellee was held in custody beyond the time limit set by R.C. 2945.71 for a "speedy trial."
The State counterargues that the absence of any holder on appellee, or the lack of knowledge of the West Virginia capias,
was essentially irrelevant, and the mere existence of the arrest warrant sufficiently tolled the statute's triple count provision. We are not persuaded. First, the State cites no authority to support its position and we have found none in our own research. Second, as discussed above, Deputy Cochran clearly testified that appellee was held only on the charge in this case. No holder was placed on appellee and authorities had no knowledge that he was being sought by another state. Thus, it cannot reasonably be said that he was "held" for any other reason than the criminal charge at issue in this case.[3]
The State also asserts that a dismissal of the charge in the case sub judice, "is too harsh a penalty against the state" and frees a confessed felon "on a mere technicality." We do not dispute the fact that the outcome of this case leads to an unsavory result. However, both this Court and the trial court are charged with and obligated to enforce the laws of the State of Ohio. The provisions of R.C. 2945.71 are mandatory and must be strictly construed against the state. See State v. Wirtanen
(1996), 110 Ohio App.3d 604, 607, 674 N.E.2d 1245, 1247, State v.Mays (1996), 108 Ohio App.3d 598, 609, 671 N.E.2d 553, 560; Statev. Clark (1995), 107 Ohio App.3d 141, 150, 667 N.E.2d 1262, 1267. Appellee was not brought to trial within the time frame set forth by statute. Thus, the charges against appellee were properly dismissed. Neither this Court nor the trial court can ignore the law and the controlling authorities or give a tortured interpretation thereto simply because we dislike the results.
The State also asserts that the judgment should be reversed because appellee remained silent and essentially "acquiesced" in the failure to bring him to trial within the proper time limit. Again, we are not persuaded. First, it does not appear that the State ever raised this issue at the trial level and we will not consider it now for the first time on appeal. See e.g., State v.Kerns (Mar. 21, 2000), Washington App. No. 99CA30, unreported;State v. Barnes (Dec. 30, 1999), Clermont App. No. CA99-06-057, unreported; State v. Bing (Aug. 25, 1999), Medina App. No. 2939-M, unreported; State v. Mahoney (May 20, 1999), Cuyahoga App. No. 74150, unreported. Second, even if it had been raised, the argument is without is merit. To be effective, an accused's waiver of right to speedy trial must be expressed either in writing or in open court on the record. State v. King (1994),70 Ohio St.3d 158, 637 N.E.2d 903, at the syllabus; also see Statev. Stamps (1998), 127 Ohio App.3d 219, 225, 712 N.E.2d 762, 765;State v. Grinnell (1996), 112 Ohio App.3d 124, 133,678 N.E.2d 231, 237. There is no indication of this in the case sub judice
and, thus, we find the State's position to be without merit.[4]
For all these reasons, the assignment of error is overruled and the judgment of the trial court is affirmed.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
HARSHA, J. EVANS, J.: Concur in Judgment Opinion
 BY: ______________________ PETER B. ABELE, Judge
[1] The capias was apparently issued because appellee failed to appear for a misdemeanor petty larceny trial in Huntington, West Virginia on April 5, 1999. He failed to appear, of course, because he was incarcerated in the Lawrence County Jail at that time awaiting trial in this case.
[2] LEADS is an acronym which stands for "Law Enforcement Automated Data System." See Scarso v. Mayfield (Nov. 18, 1999), Cuyahoga App. No. 75269, unreported; State v. Straits (Oct. 1, 1999), Fairfield App. No. 99CA7, unreported. It is essentially a database by which computerized criminal history checks are made.See State v. Violi (Dec. 29, 1995), Trumbull App. Nos. 94-T-5053 94-T-5059, unreported.
[3] The State further contends in its reply brief that appellee was being "held" on other charges as well. In support thereof, it cites us to exhibits that are included in the brief as well as an App.R. 9(E) Motion to Supplement the Record. We note, however, that its motion was overruled by the trial court on February 10, 2000, and we are prohibited by App.R. 12(A) from considering exhibits attached to the brief because they were not a part of the trial court record. See State v. Lytle (Mar. 10, 1997), Ross App. No. 96CA2182, unreported; State v. Runkle (Dec. 17, 1996), Vinton App. No. 95CA500, unreported; State v. Estep
(Jun. 26, 1995), Ross App. No. 94CA2007, unreported.
[4] We would also point out that a criminal defendant has no duty to object to the setting of a trial date beyond the speedy trial deadline. See State v. David (Feb. 28, 1994), Athens App. No. 1578, unreported; State v. Frost (Dec. 11, 1992), Scioto App. No. 91-CA-1995, unreported. The State cites State v. Westbrook
(1975), 47 Ohio App.2d 211, 353 N.E.2d 637, as support for its position that appellee acquiesced to the extension of the speedy trial deadline in this case by failing to object. However, theWestbrook case has been impliedly overruled by subsequent Supreme Court decisions such as State v. Tone (1978), 53 Ohio St.2d 250,374 N.E.2d 152, and State v. Singer (1977), 50 Ohio St.2d 103,362 N.E.2d 1216. See State v. Dumas (1990), 68 Ohio App.3d 174,178, 587 N.E.2d 932, 935 (Whiteside, J. Dissenting); State v.Graham (Aug. 30, 1999), Belmont App. No. 98BA32, unreported.