OPINION
Defendant-appellant Gregory Smith appeals the December 9, 1999 Judgment Entry denying his Motion to Dismiss following his conviction and sentence entered by the Licking County Court of Common Pleas on one count of conspiracy to possession of cocaine, in violation of R.C. 2923.01 and 2925.11(A),(C)(4)(c). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE
On December 10, 1998, appellant was arrested on one count of possession of cocaine, in violation of R.C. 2925.11(A),(C)(4)(c). The Licking County Grand Jury indicted appellant on that charge on December 17, 1998. That same day, appellant was released from jail. The trial court scheduled the matter for jury trial on March 11, 1999. On the morning of trial, the State dismissed the indictment. Subsequently, appellant was arrested on unrelated charges. Appellant was released from jail on or about August 5, 1999. Prior to appellant's release, the Licking County Sheriff's Office (hereinafter "LCSO") received a teletype dated August 5, 1999, from the Bexley Police Department, requesting LCSO advise appellant of an appearance scheduled before the Bexley Mayor's Court on August 20, 1999, at 9:30 a.m. The appearance related to a charge of disorderly conduct. The teletype also informed LCSO the warrant on appellant would be recalled. On September 9, 1999, the Bexley Mayor's Court reissued the bench warrant on appellant as a result of his failure to appear on August 20, 1999. On August 20, 1999, the Licking County Grand Jury reindicted appellant on the same charge which gave rise to the December 17, 1998 indictment. The trial court issued a warrant on the indictment on the same day. LCSO arrested appellant on September 22, 1999. Appellant appeared for arraignment on September 27, 1999. Appellant remained incarcerated since his arrest. LCSO received notice of the September 9, 1999 bench warrant issued by the Bexley Mayor's Court on October 1, 1999. On November 23, 1999, appellant filed a Motion to Dismiss the possession charge pursuant to R.C. 2945.73. The trial court conducted a hearing on December 2, 1999. Via Judgment Entry filed December 9, 1999, the trial court overruled appellant's motion. The parties appeared before the trial court on December 21, 1999. At that time, the State moved to amend the indictment from one count of possession of cocaine to one count of conspiracy to possession of cocaine. The trial court granted the State's motion. Appellant then withdrew his former plea of not guilty and entered a plea of no contest to the amended charge. After finding appellant guilty, the trial court sentenced appellant to a period of incarceration of seven (7) months. The trial court memorialized appellant's conviction and sentence via Judgment Entry filed December 21, 1999. It is from this judgment entry appellant appeals, raising as his sole assignment of error:
 THE TRIAL COURT COMMITTED HARMFUL ERROR IN DENYING THE DEFENDANT-APPELLANT'S MOTION TO DISMISS.
 I.
Herein, appellant contends the trial court erred in denying his motion to dismiss pursuant to R.C. 2945.73. We agree. It is well settled the Sixth and Fourteenth Amendments to the United States Constitution guarantee a criminal defendant the right to a speedy trial by the state. The same right is also assured by Section 10, Article I of the Ohio Constitution. These rights are codified in Sections 2945.71 through 2945.73 of the Ohio Revised Code. R.C.2945.73(B) provides: (B) Upon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by sections 2945.71 and 2945.72 of the Revised Code.
R.C. 2945.71, which is applicable to the matter sub judice, provides, in relevant part: (C) A person against whom a charge of felony is pending:
* * *
 (2) Shall be brought to trial within two hundred seventy days after his arrest.
* * *
 (E) For purposes of computing time under divisions (A), (B), (C)(2), and (D) of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days. This division does not apply for purposes of computing time under division (C)(1) of this section. The triple-count provision, by which R.C. 2945.71(E) has come to be known, only applies when an accused is held solely on the pending charges. See, State v. Brown (1992), 64 Ohio St.3d 476, 479; State v. Butcher (1986), 27 Ohio St.3d 28, 30; State v. MacDonald (1976), 48 Ohio St.2d 66, para. 1 of syllabus. It does not apply when a valid "holder" has been placed on the accused, detaining him in jail for some other reason. See generally, State v. Mann (1993), 93 Ohio App.3d 301, 313; State v. Jones (1992), 81 Ohio App.3d 348, 350-351; State v. Phillips (1990), 69 Ohio App.3d 379, 380; State v. Dunkins (1983), 10 Ohio App.3d 72, 75. When an accused files a motion to dismiss based upon the triple-count provision of R.C. 2945.71(E), alleging he has been incarcerated solely on the pending charge for more than 90 days, he establishes a prima facie case of a speedy trial violation. The burden then shifts to the State to demonstrate other charges are pending which render the triple-count provision inapplicable. State v. Butcher, supra. If the State does not meet its burden, the accused must be discharged. Id. In the instant action, appellant filed a motion to dismiss, alleging the State failed to bring him to trial within the time prescribed by R.C. 2945.71(C). Appellant calculated he had been held in jail on the possession charge for a total of 293 days. Appellant computed the time as follows: Dates No. of days 12/10/99-12/17/98 8 (subject to triple-count) 24 12/18/98-3/11/99 83 83 9/22/99-11/23/99 62(subject to triple-count) 186 TOTAL = 293 Based upon his assertions, appellant established a prima facie case of a speedy trial violation. Therefore, the burden shifted to the State to demonstrate the triple-count provision did not apply. At the hearing on appellant's motion to dismiss, the State argued the triple-count provision did not apply because of the active holder on appellant issued by the Bexley Mayor's Court, which the State learned of on October 1, 1999. The State maintained it had until February 16, 2000, in which to bring appellant to trial. The State calculated the speedy trial time as follows: Dates No. of days 12/10/98-12/17/98 7(subject to triple-count) 21 12/18/98-3/11/99 84 84 9/22/99-10/1/99 9(subject to triple-count) 27 10/1/99-2/16/00 138 138 TOTAL = 270 The trial court agreed with the State and denied appellant's motion. The trial court found appellant was not entitled to the benefit of the triple-count provision because a valid holder had been placed on him by the Bexley Mayor's Court; therefore, appellant was not being held solely on the pending charge of possession. The central issue for review by this Court is whether the triple-count provision is applicable to the time during which appellant was held in jail, after the State learned of the bench warrant issued by the Bexley Mayor's Court. For the reasons which follow, we find the period of time from October 1, 1999, through November 23, 1999, the day on which appellant filed his motion to dismiss, less a reasonable time to bring appellant before the mayor's court, should have been calculated on a three for one basis and the trial court erred in failing to dismiss the charge against appellant. Our inquiry begins with a review of the bench warrant issued by the Bexley Mayor's Court. The warrant reads:
TO THE CHIEF OF POLICE OF SAID BEXLEY, OHIO, GREETINGS:
THE STATE OF OHIO, FRANKLIN COUNTY, ss.
 IT APPEARING TO THE COURT ON 08-20-99 THAT ONE GREGORY R. SMITH OF 4756 COTTERMAN ROAD, NEWARK, OHIO 43056 HAS FAILED TO APPEAR FOR A COURT PROCEEDING.
 THIS THEREFORE IS TO COMMAND YOU TO TAKE SAID GREGORY R. SMITH IF DEFENDANT BE FOUND IN YOUR COUNTY, OR, IF DEFENDANT IS NOT FOUND IN YOUR COUNTY, THAT YOU PURSUE AFTER DEFENDANT IN ANY OTHER COUNTY IN THIS STATE, AND TAKE AND SAFELY KEEP DEFENDANT SO THAT YOU HAVE DEFENDANT'S BODY FORTHWITH BEFORE SAID COURT.
WITNESS MY SIGNATURE AND THE SEAL OF SAID COURT ON THIS
September 9, 1999.
BOND: $160.00 req app
SS/Ruby C. Arnold CLERK OF COURT
The mere existence of a warrant does not, in and of itself, create a hold order. The word "hold" means "to restrain or constrain; to keep in custody". Black's Law Dictionary (6th Ed. 1990) 731. The bench warrant herein instructs only the Chief of Police of the Bexley Police Department, upon finding appellant, to bring him forthwith before the Bexley Mayor's Court. This warrant does not instruct any other police or sheriff's department in any other city or county to hold appellant. As such, we do not find the aforementioned language provided LCSO with the authority to hold appellant. If a holder on appellant did not exist, the State cannot argue appellant was held in jail for that reason; therefore, tolling the triple-count provision. A review of the record reveals LCSO received a teletype from the Perry County Sheriff's Office on October 1, 1999, which advised LCSO of the existence of a "Bexley holder". An actual hold order is not in the record. It is unclear whether a holder was placed on appellant or whether the "Bexley holder" is simply the bench warrant. Assuming, arguendo, a proper hold order existed, we still find the triple-count provision was not tolled. A holder or retainer has been defined as an informal request for the custody of a person already lawfully detained. State v. Keyse (Sept. 9, 1988), Lake App. No. 12-122, unreported (Citation omitted). Although informal, a hold order is similar to an arrest, in that the person's liberty is restrained in order to bring him before a court on a criminal charge. Id. As a result, the mandatory procedure followed in making a valid arrest also applies when the accused is detained under a holder. Id. Crim.R. 4(E) provides any person arrested with or without a warrant must be brought before a court without unnecessary delay. In the instant action, appellant never appeared before the Bexley Mayor's Court after LCSO learned of the "hold order". The "hold order", which arose out of appellant's failure to appear on a minor misdemeanor, cannot be grounds to justify the State's holding him indefinitely. Pursuant to Crim.R. 4(E), appellant had the right to be brought before the mayor's court "without unnecessary delay". We find three days would have been the maximum time necessary to bring appellant before the court. We reject the State's attempt to evade the triple-count provision by claiming appellant was lawfully held on the Bexley holder, particularly where, as here, the charge underlying the "hold order" is a non-jailable offense. We find the fifty-five day delay between the State's learning of the holder and the filing of appellant's motion to be an unnecessary delay. We further find any time beyond the first three days after LCSO learned of the Bexley hold order is subject to the triple-count provision. We now must determine the number of days of appellant's speedy trial time which had elapsed as of the filing of his motion to dismiss on November 23, 1999. Initially, we review the period of time prior to October 1, 1999. As of that date, we find 132 days of appellant's speedy trial time had elapsed. Our calculations follow: Dates No. of days 12/10/98 0 12/11/98-12/17/98 7(subject to triple-count) 21 12/18/98-3/11/99 84 84 9/22/99 0 9/23/99-10/1/99 9(subject to triple-count) 27 TOTAL = 132 Upon being advised of the "Bexley holder" on October 1, 1999, LCSO was required to bring appellant before the Bexley Mayor's Court within three days. This delay tolled the triple-count provision. Therefore, the period between October 2, 1999, and October 4, 1999, is counted as three days. However, the fifty-two day period between October 5, 1999, and November 23, 1999, is subject to the triple-count provision, i.e., 156 days. We find 291 days had elapsed when appellant filed his motion to dismiss. Because the State failed to bring appellant to trial within 270 days of the date of his arrest, we find appellant's speedy trial rights were violated and the trial court erred in denying his motion to dismiss. Appellant's sole assignment of error is sustained. The December 9, 1999 Judgment Entry of the Licking County Court of Common Pleas is reversed and the complaint against appellant is ordered dismissed pursuant to R.C. 2945.73.
 __________________________ HOFFMAN, P.J.
WISE, J. and READER, V.J. concur