OPINION
Defendant-appellant, Matthew Hamilton, appeals his kidnapping conviction, entered in the Clermont County Court of Common Pleas. The conviction is affirmed.
On August 13, 2000, early in the morning, appellant went to the residence of Steve Garrett, where he knew he would find his former girlfriend, Kimberly Hall. Although Hall lived with her daughter, she had spent the night on Garrett's couch after she and appellant argued the previous evening. She often stayed at Garrett's home since she was caring for him as he recovered from injuries sustained in a motorcycle accident. When appellant knocked, Hall opened the door, expecting to see Garrett's brother. Instead, appellant barged into the apartment. He grabbed Hall by her hair and began loudly berating her. Garrett, who was sleeping in the apartment's bedroom, woke up. When he came out to investigate, Hall told him that there was no problem. Garrett went back to the bedroom to dress, and by the time he returned to the living room the pair was gone.
While Garrett was out of the room, appellant drew a utility knife, with the blade extended. He pressed it to Hall's throat, made her exit the apartment and get into the passenger seat of her van which was parked in Garrett's driveway. Appellant got into the driver's seat and began driving erratically. During the drive, he threatened to crash the vehicle and kill Hall. After a short time, appellant stopped at a convenience store to buy beer. He took cash from Hall's purse, entered the store, and walked to the back of the store where the beer cooler was located. While he was occupied with his selection, Hall entered the store and asked the clerk to call 911. The clerk did not phone the police right away as he did not recognize the gravity of the situation. However, when he saw Hall grab a set of keys from appellant's pocket and run away from the store, he immediately called the police. This sequence of events was captured by the store's video surveillance camera.
Appellant ran after Hall. They both stopped running when they heard police sirens. Hall was able to convince appellant that the police were not looking for him and the two returned to the convenience store where two West Chester police officers were waiting. The officers detained appellant and Hall until the Loveland police arrived and arrested appellant.
On August 23, 2000, appellant was indicted on charges of kidnapping, in violation of R.C. 2905.01(A)(3) and aggravated robbery, in violation of R.C. 2911.01(A)(1). A jury found appellant guilty of the kidnapping charge and acquitted him of the robbery charge. Appellant was sentenced accordingly. He appeals, raising a single assignment of error:
 DEFENSE COUNSEL FAILED TO PROVIDE EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
A two-pronged test is applied to determine whether a criminal defendant received ineffective assistance of counsel at trial. Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct. 2052. To support a claim of ineffective assistance of counsel, the defendant must first show that counsel's actions were outside the wide range of professionally competent assistance. Id. at 687, 104 S.Ct. at 2064. Second, the defendant must demonstrate that he was prejudiced by counsel's actions. Id. Trial counsel's performance will not be deemed ineffective unless the defendant shows that "counsel's representation fell below an objective standard of reasonableness," id. at 688, 104 S.Ct. at 2064, and that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley (1989),42 Ohio St.3d 136, 143, certiorari denied (1990), 497 U.S. 1011,110 S.Ct. 3258. The defendant bears the burden of establishing both prongs before a reviewing court will deem trial counsel's performance ineffective. Strickland at 687, 104 S.Ct. at 2064.
A properly-licensed attorney is presumed competent. Vaughn v. Maxwell
(1965), 2 Ohio St.2d 299, 301. Any questions regarding the ineffectiveness of counsel must be viewed in light of the evidence against the defendant, Bradley at 142-143, with a "strong presumption that counsel's conduct falls within the wide range of professional assistance." Strickland at 689, 104 S.Ct. at 2065. A presumption exists that "under the circumstances, the challenged action `might be considered sound trial strategy.'" Id.
Appellant first contends that his trial counsel was ineffective for failing to file a motion to dismiss the indictment, based on an alleged violation of his right to a speedy trial under R.C. 2945.71, et seq.
Appellant was arrested on August 13, 2000, indicted on August 23, 2000 and brought to trial on February 20, 2001. Pursuant to R.C. 2945.71(C)(2), a person charged with a felony must be brought to trial within two hundred seventy days of arrest. However, each day during which an accused is held in jail in lieu of bond, as appellant was, must be counted as three days. R.C. 2945.71(E). Thus, appellant contends that he should have been tried within ninety days of his arrest. Appellant concedes that the time was tolled by his request for a bill of particulars and motions for new counsel and bond review. Even so, appellant was tried one hundred sixty-eight days after his arrest, establishing a prima facie argument that he was denied his right to a speedy trial.
In reply, the state contends that a holder or other reason may have extended the speedy trial time under R.C. 2945.72. When a defendant is held for a parole or probation violation, in addition to other charges, the acceleration of time is not triggered. State v. Phillips (1990),69 Ohio App.3d 379, 381. Therefore, if appellant was on a parole or probation holder during this period, no violation of the speedy trial statute occurred. However, the state does not reference anything specific in the record to support this contention. Indeed, no such evidence was presented to the trial court inasmuch as appellant failed to file with the trial court a motion to dismiss for violation of his right to a speedy trial.
The speedy trial provisions of R.C. 2945.37 are not self-executing, but must be asserted by an accused in a timely fashion. State v. Trummer
(1996), 114 Ohio App.3d 456. The plain language of the statute states that the proper method of raising this issue is "[u]pon motion made at orprior to the commencement of trial[.]" R.C. 2945.73(B) (emphasis added). It is the motion that triggers the prosecution's duty to produce evidence which rebuts the defendant's assertion that his trial has been delayed too long. State v. Thompson (1994), 97 Ohio App.3d 183, 186. Absent such a motion, the state does not have a burden to produce evidence justifying the delay. See id., Trummer at 470-471.
While the duty of the state to try a criminal defendant within the time limits prescribed in R.C. 2945.71 is not affected by the defendant's failure to demand a trial, State v. Cross (1971), 26 Ohio St.2d 270, paragraph two of the syllabus, there is no denial of the constitutional right to a speedy trial where there has been no demand by the defendant.Partsch v. Haskins (1963), 175 Ohio St. 139, 140. It is a right which must be claimed or it will be held to have been waived. Id.
We likewise find that appellant's ineffective assistance of counsel argument, premised on the failure to file a motion to dismiss on speedy trial grounds, is precluded by his failure to raise the issue at trial. On direct appeal, an appellate court can consider only the evidence to which the trial court was privy. See App.R. 9. Upon the record before us, we are unable to determine whether the premise of appellant's argument is accurate. While appellant's right to a speedy trial may have been violated, it is also possible that the statutory limit was extended due to the existence of a parole or probation holder. However, the state has no reason to substantiate the existence of such a holder unless the defendant properly raises the issue before the trial court.
Since from the record before us it is not possible to discern whether there was a reasonable probability that a motion to dismiss on speedy trial grounds would have been successful, appellant has failed to demonstrate that his trial counsel was ineffective for failing to raise such a motion. See Thompson, 97 Ohio App.3d at 185-187, citingStrickland at 668, 104 S.Ct. at 2052.
Appellant next contends that his trial counsel was ineffective for failing to file a motion to suppress. Appellant contends that although Loveland police informed him of his Miranda rights prior to questioning him, the police failed to ascertain whether he understood those rights before proceeding with questioning. Appellant argues that in light of these circumstances, his trial counsel's failure to make a motion to suppress the conversation amounted to ineffective assistance of counsel. He does not argue that he actually did not understand the rights which were presented to him.
Trial counsel's failure to file a motion to suppress does not per se
constitute ineffective assistance of counsel. Kimmelman v. Morrison
(1986), 477 U.S. 365, 384; 106 S.Ct. 2574, 2587; State v. Madrigal
(2000), 87 Ohio St.3d 378, 389. The Sixth Amendment right to effective assistance of counsel does not require trial counsel to file a motion to suppress evidence where none of the defendant's constitutional rights were violated. State v. Lester (1998), 126 Ohio App.3d 1, 6. Nor is trial counsel required to file a meritless motion to place it on the record to avoid a charge of ineffective assistance. State v. Robinson
(1996), 108 Ohio App.3d 428, 433. Rather, one who asserts a claim of ineffective assistance on the basis of trial counsel's failure to file a motion to suppress must show that the failure to file the motion caused him prejudice. Id.
A statement made by an accused in the course of a custodial interrogation is admissible at trial only upon proof that the accused was advised of his constitutional rights and that the accused voluntarily, knowingly, and intelligently waived those rights. State v. Dailey
(1990), 53 Ohio St.3d 88, 91, citing Miranda v. Arizona (1966)384 U.S. 436, 444, 86 S.Ct. 1602, 1612. There is no question that appellant was adequately and effectively apprised of his Miranda rights. Appellant does not argue, nor is there any evidence to indicate, that he did not fully understand his Miranda rights before answering Detective Moster's questions. The only question then is whether appellant knowingly and voluntarily waived the exercise of those rights.
The question of waiver must be determined on the particular facts and circumstances surrounding each case, "including the background, experience, and conduct of the accused." Johnson v. Zerbst (1938),304 U.S. 458, 464, 58 S.Ct. 1019, 1023. Generally, waiver will not be presumed merely from the fact that a statement is made after Miranda
warnings have been given. See Tague v. Louisiana (1980), 444 U.S. 469,100 S.Ct. 653; Miranda, 384 U.S. at 445, 86 S.Ct. at 1612. While an express written or oral statement waiving one's constitutional rights is usually strong proof of the validity of that waiver, it "is not inevitably either necessary or sufficient to establish waiver." NorthCarolina v. Butler (1979), 441 U.S. 369, 373, 99 S.Ct. 1755, 1757. Rather, the court must question whether the defendant in fact knowingly and voluntarily waived the rights. Id.
In the present case, we find that appellant's waiver was made knowingly and voluntarily. The record reflects that appellant has a tenth grade education and has had significant contacts with the criminal justice system, having been charged with criminal offenses on at least eight occasions. Before questioning appellant, Detective Moster of the Loveland Police Department informed appellant of his Miranda rights. After the recitation, appellant submitted to the questioning and answered all of Detective Moster's inquiries into the occurrence without any protest that he either failed to understand his rights or desired to invoke them. Considering these facts, including appellant's education, background and experience with the criminal justice system, we find that appellant understood his rights and knowingly and voluntarily waived them. He accordingly suffered no prejudice due to his counsel's failure to file a motion to suppress. Accord State v. Hill (1987),37 Ohio App.3d 10; see, also, State v. Smith (June 6, 1990), Hamilton App. No. C-880287, unreported.
Appellant lastly argues that he received ineffective assistance of counsel because his trial counsel referenced several facts during his opening statement which were ultimately not proven during trial.
Opening statements are not intended to be a verbatim recitation of what evidence will in fact be presented to the jury. Rather, the purpose of an opening statement is to acquaint the jury with the general nature of the case and to outline the facts which counsel expects the evidence to show. Maggio v. Cleveland (1949), 151 Ohio St. 136, 140.
Although all of the contentions made in opening argument by trial counsel were not proved by the evidence and testimony, the inconsistencies which developed did not determine the outcome of the trial. In his opening statement, counsel stated that appellant and Hall had "stayed" together since November 1999. The testimony at trial instead indicated that Hall often stayed at appellant's home, and may have lived there since August 2000. Counsel stated that photographs would be entered into evidence which would demonstrate scratches and a burn inflicted by Hall on appellant. No such photographs were offered, but Detective Moster testified that he observed scratches on appellant's face. Counsel stated that the driver's side door of Hall's van could not be opened from the outside. Instead, the testimony indicated that the door latch was broken, but operable. Counsel stated that the utility knife wielded by appellant was merely one of several tools in the van. Although there was no testimony to support this assertion, there was testimony that appellant often transported tools in the van. Finally, counsel asserted that Hall was highly intoxicated on the prior evening. This contention was supported to a degree, with testimony that Hall had consumed several beers that morning and had been taking prescription drugs.
Appellant has failed to demonstrate that, but for counsel's alleged errors, the outcome of the proceeding would have been different. Accordingly, the assignment of error is overruled.
Judgment affirmed.
VALEN, P.J., and POWELL, J., concur.