JOURNAL ENTRY AND OPINION
{¶ 1} The State of Ohio appeals following the trial court's dismissal of an indictment on speedy trial grounds and contends that a proper calculation of speedy trial time did not warrant dismissal. We affirm.
 {¶ 2} The record reveals that on March 22, 2004, Willie DeLoach was sentenced to eighteen months of community control sanctions in case CR-446476, with the conditions that he complete an inpatient drug treatment program and six months of work release. That same day, DeLoach was remanded until a bed at the treatment facility became available.
 {¶ 3} Three days later, on March 25, 2004, the Cleveland Police Department filed an aggravated robbery complaint against DeLoach for acts that occurred on February 17, 2004. A hold was then placed on DeLoach on April 26, 2004, based on this complaint. Shortly thereafter, on May 28, 2004, the probation department found that DeLoach was eligible for work release. DeLoach, however, remained in county jail because of the aggravated robbery hold.
 {¶ 4} On June 4, 2004, DeLoach was arrested, and on August 31, 2004, he was indicted on two counts of aggravated robbery in violation of R.C. 2911.01, two counts of aggravated burglary in violation of R.C. 2911.11, one count of kidnapping in violation of R.C. 2905.01, and one count of having a weapon under disability in violation of R.C. 2923.13, filed as case number CR-455959. All counts carried both one- and three-year firearm specifications.
 {¶ 5} On September 8, 2004, DeLoach filed his first discovery request, and on December 21, 2004, he moved for a dismissal of the indictment, citing violations of his speedy trial rights. The trial court granted DeLoach's motion and dismissed the case with prejudice. The State appeals from this entry in a single assignment of error which states,
"THE TRIAL COURT ERRED IN DISMISSING THE INDICTMENT AGAINSTAPPELLEE ON THE GROUND APPELLEE WAS DENIED HIS RIGHT TO A SPEEDYTRIAL."
 {¶ 6} "The standard of review of a speedy trial issue is to count the days of delay chargeable to either side and determine whether the case was tried within the time limits set by R.C. 2945.71." State v. Blumensaadt, Lake County App. No. 2000-L-107, 2001-Ohio-4317. When determining whether the state has violated a defendant's constitutional and statutory right to a speedy trial, the court weighs the length of the delay, the reasons for the delay, the defendant's timeliness and manner of asserting this right, and whether the defendant has suffered identifiable prejudice. State v. Broughton (1991),62 Ohio St.3d 253, 256.
 {¶ 7} Once a defendant establishes that he or she was not brought to trial within the applicable speedy trial limits, they have set forth a prima facie case for dismissal. State v. Baker
(1993), 92 Ohio App.3d 516, 525. The burden then shifts to the State to provide evidence indicating that the defendant's constitutional and statutory right to a speedy trial was not violated. Id. at 525-526.
 {¶ 8} R.C. 2945.71, Ohio's speedy trial statute, states:
"(C) A person against whom a charge of felony is pending:
* * *
(2) Shall be brought to trial within two hundred seventy daysafter his arrest.
* *
(E) For purposes of computing time under divisions (A),(B)(C)(2), and (D) of this section, each day during which theaccused is held in jail in lieu of bail on the pending chargeshall be counted as three days."
 {¶ 9} DeLoach maintains that the triple-count provision of the speedy trial statute applies since he spent in excess of ninety days in jail from the time a hold was placed on him from April 26, 2004 until September 8, 2004, when he filed his first discovery pleading. The Ohio Supreme Court has held that the triple-count provision of R.C. 2945.71(E) is, by its terms, applicable only to defendant held in jail in lieu of bail solely on the pending charge. State v. MacDonald (1976),48 Ohio St.2d 66, 70; State v. Phillips (1990), 69 Ohio App.3d 379, 381. For example, it does not come into play where, a defendant faces, in addition to the pending charges, a charge of a probation or parole violation. State v. Martin (1978), 56 Ohio St.2d 207;Phillips, supra.
 {¶ 10} In the instant case, the alleged acts occurred on February 17, 2004. It was not until March 22, 2004, that DeLoach was sentenced in CR-446476 to eighteen months of community control, subject both to inpatient drug treatment and six months of work release. On April 26, 2004, a hold was placed on DeLoach, although he was not indicted until approximately four months later. Further, the record reflects that on June 4, 2004, DeLoach's bond was set at $100,000. He could not post bond and therefore remained in jail. On June 28, 2004, DeLoach's bond was reduced to $25,000. However, DeLoach could still not afford to post bond and remained in jail. Finally, on November 19, 2004, DeLoach posted bond and was sent to the treatment facility that same day.
 {¶ 11} While the State asserts that the time period in question should be counted as one for one under R.C. 2945.71, since DeLoach was under sentence in CR-446476 and subject to release only for inpatient drug treatment and work release, it does concede that the hold placed on DeLoach kept him in county jail beyond the time a bed would have become available.
 {¶ 12} It appears from a clear reading of the applicable dates that DeLoach was held in jail solely on the pending charges in the instant case. This fact is bolstered by the fact that, although not serving his sentence under CR 446476, DeLoach remained in county jail from March through November and was not even released to begin his inpatient treatment because of the hold. It was only after posting bond in the instant case that DeLoach was released for treatment. While the State contends that inpatient treatment is included in the definition of "detention" under R.C. 2921.01(E), we find no authority for this proposition.
 {¶ 13} For these reasons, DeLoach was entitled to the triple-count provisions of the statute and, therefore, the State's sole assignment of error lacks merit. The ruling of the trial court is affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J. and Blackmon, J., concur.