DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of conviction and imposition of sentence issued by the Erie County Court of Common Pleas. Appellant sets forth the following assignments of error:
"ASSIGNMENT OF ERROR NO. 1
 "THE TRIAL COURT ERRED BY NOT GRANTING THE DEFENDANT'S MOTION TO SUPPRESS
"ASSIGNMENT OF ERROR NO. 2
 "THE DEFENDANT'S RIGHT TO A SPEEDY TRIAL WAS VIOLATED WHEREIN THE STATE FAILED TO BRING THE DEFENDANT TO TRIAL WITHIN 270 [SIC] PURSUANT TO RC [SIC] 2945.71, ART. 1 [SIC], SEC [SIC] 10 OF THE OHIO CONSTITUTION AND THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION."
In appellant's first assignment of error he argues that the warrantless search of the vehicle he was operating was unjustified, and that the trial court's denial of his motion to suppress evidence seized during the search was in error. When reviewing the grant or denial of a motion to suppress, this court has noted that:
 "An appellate court reviews whether substantial evidence supports a trial court's decision on a motion to suppress. Maumee v. Johnson (1993), 90 Ohio App.3d 169, 171, 628 N.E.2d 115. The trial court acts as the trier of fact and is in the best position to resolve questions of fact and determine witness credibility. State v. Johnston (1993), 85 Ohio App.3d 475, 477, 620 N.E.2d 128. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. State v. Guysinger
(1993), 86 Ohio App.3d 592, 594, 621 N.E.2d 726." State v. Jenkins (Mar. 31, 1998), Lucas App. No. L-97-1303, unreported.
Keeping this standard in mind, we now turn to the record in this case and the arguments of the parties.
At the July 27, 1999 suppression hearing, the following testimony was presented. On February 11, 1999, appellant was operating a motor vehicle southbound on U.S. Route 250 in Perkins Township, Ohio. The vehicle was a rental van with Florida license plates. Appellant was stopped by Perkins Township Police Officer Todd Curtis for making an abrupt lane change without signaling.
Officer Curtis testified that upon witnessing the lane change he activated his overhead lights; however, appellant failed to stop. Curtis then tapped his air horn and appellant pulled over into a gas station. Appellant exited the vehicle with the rental agreement in hand. Curtis noted that appellant was listed as the secondary driver on the form and that the vehicle was due back in Florida on that day. The agreement also stated that the vehicle was not to leave the state of Florida. At that point Curtis suspected that the vehicle was stolen.
Curtis then accompanied appellant to the vehicle in order to get proof of insurance. When appellant opened the door, Curtis noticed the smell of burnt marijuana. Curtis testified that appellant was acting very nervous, stuttering and not making eye contact. Curtis began a validity check of the van's license plates and registration.
Curtis then walked his narcotics dog around the exterior of the vehicle. The dog alerted to the passenger side front door. Curtis then asked appellant if he could search the vehicle and, according to Curtis, appellant gave his consent.
Upon searching the van, Curtis found a very small amount of marijuana residue which he did not confiscate. Curtis also located a fraudulent Massachusetts driver's license and, at that point, appellant was advised of his Miranda rights and was subsequently placed under arrest for possession of criminal tools.
Appellant testified that he signaled prior to the lane change and he did not notice that Curtis had activated his overheard lights and air horn before stopping at the gas station in order to get gas. He further testified that he had requested and was granted an extension on the van rental. Appellant also denied giving his consent for Curtis to search the vehicle.
In State v. Alge (Apr. 21, 2000), Erie App. No. E-99-053, unreported, this court held that "the sight of smoke coming from the car, coupled with the smell of marijuana which was detected by a trained and experienced officer, provided sufficient probable cause to search the vehicle in which appellee was a passenger." See, also, State v. Crowell
(June 30, 1995), Williams App. No. WM-95-001, unreported.
In Alge we also noted that Ohio courts have found that the smell of marijuana alone can be sufficient to support a probable cause warrantless search. In fact, the Supreme Court of Ohio has recently upheld the decisions of these courts holding that: "the smell of marijuana, alone, by a person qualified to recognize the odor, is sufficient to establish probable cause to conduct a search." State v. Moore (2000),90 Ohio St.3d 47, 53.
We have further found that when an officer is conducting an investigative traffic stop, he is permitted to perform routine procedures. Such procedures include a computer check on his license and registration and, in certain circumstances, the use of a narcotics dog to detect the odor of drugs. State v. Rusnak (1997), 120 Ohio App.3d 24;State v. Green (May 14, 1999), Wood App. No. WD-98-068, unreported.
In both Rusnak and Green, as in the instant case, the canine sniffs were considered lawful because they were conducted while the officers were waiting for the receipt of the license and registration information.
The smell of burnt marijuana, the canine alert and appellant's demeanor all support our finding that the officer had sufficient probable cause to conduct a warrantless search of the vehicle appellant was operating. Accordingly, the trial court did not err in denying appellant's motion to suppress and appellant's first assignment of error is not well-taken.
In appellant's second assignment of error he argues that his constitutional right to a speedy trial was violated. Upon careful review of the record, which we are bound by on direct appeal, we find it devoid of evidence that appellant, as required under R.C. 2945.73(B), made a motion to dismiss the charges "at or prior to the commencement of trial." This court, as well as other Ohio appellate courts, have consistently held that a defendant may not raise a speedy trial issue for the first time on direct appeal. State v. Thompson (1994), 97 Ohio App.3d 183,186; see State v. Brown (Dec. 8, 1999), Belmont App. No. 98 BA 13. While appellant states in his merit brief that an oral motion was made prior to sentencing, he has yet to file the transcript necessary to support his assignment of error. See App.R. 9(B). Accordingly, appellant's second assignment of error is not well-taken.
On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair trial, and the judgment of the Erie County Court of Common Pleas is affirmed. Costs assessed to appellant.
JUDGMENT AFFIRMED.