JOURNAL ENTRY and OPINION.
{¶ 1} Appellant-defendant John Thompson appeals from a judgment convicting him of three counts of rape, sentencing him to three concurrent terms of life imprisonment, and classifying him as a sexual predator. He raises nine[1] assignments of error, set forth in the appendix attached to this opinion. For the following reasons, we find no error in the proceedings below and affirm the judgment against appellant.
 PROCEDURAL HISTORY {¶ 2} Appellant was charged in a three count indictment filed September 20, 2000. Each count alleged appellant engaged in sexual conduct with a child under the age of 13 years by purposely compelling the child to submit by the use of force or threat of force. A bill of particulars filed October 6, 2000 advised that the alleged crimes occurred "on or about the 23rd day of July, 2000 to the 24th day of July, 2000, at approximately midnight."
 {¶ 3} Appellant was arraigned on September 25, 2000, and entered a not guilty plea. Bond was set at $100,000. Trial was originally set for December 4, 2000, but was continued to December 27, then to January 24, 2001, then to January 30, when a jury was impaneled.
 {¶ 4} At the trial, the state presented the testimony of the child-victim, the child's mother, his cousin, a psychiatric social worker, a physician's assistant, a nurse practitioner, a special investigator with the Cuyahoga County Department of Children and Family Services ("CCDCFS"), and two Cleveland police officers. The appellant's mother testified for the defense. The evidence disclosed that the child was the appellant's son, who was seven years old at the time of the offenses. The child lived with his mother, although he frequently visited with appellant and stayed overnight at appellant's home.
 {¶ 5} The child testified that on a summer day before July 14, 2000, he was in the basement of appellant's home playing a game. The child was to spend the night there. Appellant came up to the child, lowered the child's pants, and sucked on his "private part," i.e., his penis. Appellant then told the child not to tell. The child called his mother to come get him, but she told him to wait until the following day. Later, appellant told the child, "Don't tell or I'm going to kill your mommy."
 {¶ 6} On another occasion, the child was using an upstairs bathroom at appellant's house when appellant walked in and washed his hands. As the child began pulling up his pants, appellant again "sucked on my private part." The child asked appellant to stop and he did. Appellant then struck the child on the head with a toothbrush, put the toothbrush back in its holder, and left the room. Later, appellant told the child not to tell.
 {¶ 7} On a third occasion, the child was playing with a computer game when appellant came into the room, pulled down the child's pants and again "sucked on my private part." The child moved away and appellant fell. The child pulled up his pants and finished playing his game. When he got home, he told his mother what had happened.
 {¶ 8} Trial concluded on February 5, resulting in guilty verdicts on all counts. The court immediately sentenced appellant to life imprisonment on each count, the sentences to run concurrent with one another. The court further determined that appellant was automatically classified as a sexual predator.
 LAW AND ANALYSIS Effective Assistance of Counsel {¶ 9} Appellant's first assignment of error contends that his attorney failed to provide him with effective assistance because the attorney did not move to dismiss the charges against him for lack of a speedy trial. A defendant who claims ineffective assistance of counsel must show, first, that counsel's performance was deficient, and second, that he was prejudiced as a result. Strickland v. Washington (1984),466 U.S. 668, 687. The performance inquiry requires a determination whether, under the totality of the circumstances, counsel's representation fell below an objective standard of reasonableness.Strickland, 466 U.S. at 688. The prejudice inquiry requires a determination whether there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 694.
 {¶ 10} Appellant claims his attorney's performance was deficient because the attorney did not move to dismiss the charges against him for failure to provide him with a speedy trial. R.C. 2945.71(C)(2) states that a person against whom a felony charge is pending must be brought to trial within two hundred seventy days after the person's arrest. For purposes of computing time under this statute, "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." R.C. 2945.71(E).
 {¶ 11} Appellant claims that he was arrested on September 11, 2000 and that he was held in jail in lieu of bail pending trial, so that the triple count provision of R.C. 2945.71(E) applied. He was brought to trial on January 30, 2001, some 141 days after his arrest. Counting each of these as three days, as required by R.C. 2945.71(E), the trial occurred some four hundred twenty-three "speedy trial days" after his arrest. Although he recognizes that a few days' delay are excluded from the speedy trial calculation under R.C. 2945.72, he claims his trial still occurred well beyond the two hundred seventy day limit set forth in R.C. 2945.71(C)(2). Consequently, appellant argues, if his attorney had filed a motion to dismiss for failure to provide a speedy trial, that motion would have been successful.
 {¶ 12} The first difficulty with this argument is that there is no evidence in the record of the date of appellant's arrest, nor do we know that appellant was held in jail pending trial. On direct appeal, an appellate court can consider only the evidence that was before the common pleas court. App.R. 9. On the record before us, we cannot determine when the speedy trial time began to run, or whether the triple-count provision applied. Consequently, appellant cannot demonstrate that counsel's performance was deficient in failing to move to dismiss.
 {¶ 13} Furthermore, appellant cannot demonstrate that any error by counsel in failing to move to dismiss was prejudicial. If appellant's attorney had moved to dismiss, the state would have had the opportunity to present opposing evidence. Obviously, this evidence is not part of the record here.[2] Therefore, "from the record before us it is not possible to discern whether there was a reasonable probability that a motion to dismiss on speedy trial grounds would have been successful."State v. Thompson (1994), 97 Ohio App.3d 183, 187. The first assignment of error is overruled.
 Speedy Trial/Plain Error {¶ 14} Appellant next asserts that the court committed plain error by failing to dismiss the charges against him because he was not provided with a speedy trial. As noted above, however, the record does not contain the information that the court needs to make this determination. Furthermore, even if the record did demonstrate a prima facie case that appellant was denied a speedy trial, "the state would be [unfairly] foreclosed from supplementing the record to show that appellant was being held on a holder from another case. Were we to find a failure to dismiss under such circumstances as plain error, justice would not be served."Thompson, 97 Ohio App.3d at 187. Therefore, we overrule the second assignment of error.
 Indictment/Bill of Particulars {¶ 15} The third assignment of error claims that two of the charges presented to the jury were not the crimes for which appellant was indicted. The indictment in this case alleged that the offenses occurred in July 2000. The bill of particulars further detailed that each crime occurred on or about the 23rd day of July, 2000 to the 24th day of July, 2000, and thus, according to the defendant, they took place at the same time. However, the evidence at trial demonstrated that the first offense occurred before July 14, 2000, the second occurred July 23-24, 2000, and the third occurred on August 5, 2000. Appellant contends that his convictions on the first and third counts should be reversed and those charges should be dismissed because they are not the offenses charged in the indictment.
 {¶ 16} The indictment in this case did not describe the specific dates on which the crimes allegedly occurred. It was not invalid or insufficient for this reason. Under R.C. 2941.03, "[a]n indictment or information is sufficient if it can be understood therefrom: * * * (E) That the offense was committed at some time prior to the time of filing of the indictment * * *." "An indictment or information is not made invalid, and the trial, judgment, or other proceedings stayed, arrested, or affected: * * * (C) For stating the time imperfectly." R.C. 2941.08. Thus, specificity as to the date and time of the offense is not required in the indictment.
 {¶ 17} Crim.R. 7(E) requires the state to provide the defendant with a bill of particulars describing the specific nature of the offense and the alleged conduct of the defendant. However, "[a] bill of particulars is not designed to provide the accused with specifications of evidence or to serve as a substitute for discovery. * * * Thus, "* * * [o]rdinarily, specifications as to date and time would not be required in a bill of particulars since such information does not describe particularconduct, but [instead describes] only when that conduct is alleged to have occurred, knowledge of which * * * is generally irrelevant to the preparation of a defense." State v. Sellards (1985), 17 Ohio St.3d 166,171 (citations omitted; emphasis in original).
 {¶ 18} Although appellant claims the bill of particulars led him to believe that the state alleged all three crimes occurred on the same night, he does not claim that his ability to defend himself was prejudiced by this fact. He has not shown the date of the offenses was material to his defense. Cf. State v. Lawrinson (1990), 49 Ohio St.3d 238. Therefore, we overrule the third assignment of error.
 Sufficiency of the Evidence/Count II {¶ 19} The fourth assignment of error claims the evidence was insufficient to demonstrate that appellant used force to commit the offense alleged in Count II. Appellant concedes the evidence was sufficient to show that he engaged in sexual conduct with another person who was less than thirteen years of age; he challenges only the evidence of force, which resulted in a mandatory sentence of life imprisonment. See R.C. 2907.02(B).
 {¶ 20} Force is defined by R.C. 2901.01(A) as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing." "The force and violence necessary to commit the crime of rape depends upon the age, size and strength of the parties and their relation to each other. With the filial obligation of obedience to a parent, the same degree of force and violence may not be required upon a person of tender years, as would be required were the parties more nearly equal in age, size and strength." State v. Eskridge (1988),38 Ohio St.3d 56, paragraph one of the syllabus. "Furthermore, force need not be overt and physical; it may be psychological." Eskridge,38 Ohio St.3d at 58-59.
 {¶ 21} In this case, the victim of the offense was the appellant's son, who was seven years old; appellant was thirty years old. The child was in appellant's care at the time. One prior incident of rape had occurred, after which appellant told the child not to tell or appellant would kill the child's mommy. On this second occasion, appellant entered a bathroom where the child was, without knocking, washed his hands, then performed fellatio on the child, without speaking. The child reported that he was mad and told his father to stop. If the child's testimony is believed, the child clearly did not participate in this conduct of his own free will. This evidence was sufficient to establish force.Eskridge, 38 Ohio St.3d at 58-59; State v. Dye (1998), 82 Ohio St.3d 323. The fourth assignment of error is overruled.
 Opinion Testimony {¶ 22} The fifth assigned error contends the trial court committed plain error when it allowed both a nurse and a police detective to testify that they found the child to be truthful. Lauren McAliley, a pediatric nurse practitioner in the Child Protection Program at Rainbow Babies and Children's Hospital of University Hospitals, testified about the "elements" of the child's disclosures to her which she found to be "compelling," and why. She said she found scarring on the child's legs indicative of injuries inflicted by a belt, which she found to be consistent with the child's report that he had been threatened with being whipped, and with the child's report that he had been hit by his father with a belt. She also said that the child's statements were very detailed, including what room he was in, what clothes he had on, and what he was doing at the time. She noted that the child's statements were not rote: the child did not say that "[i]t was the exact same thing every single time and the exact same place. He was able to differentiate and be detailed." She also said he used language that was consistent with the language he used in discussing other matters.
 {¶ 23} This testimony does not constitute an opinion as to the child's truthfulness, but simply specifies the factors in the statement given to her which indicated truthfulness. The child also testified at trial, so the jury had an opportunity to observe him and evaluate his credibility themselves. Therefore, McAliley's testimony did not usurp the jury's fact-finding function with respect to determining the credibility of the child. State v. Stowers (1998), 81 Ohio St.3d 260.
 {¶ 24} Detective James Chappelle testified as follows:
 {¶ 25} "Q. Can you describe your interview with [the child]?
 {¶ 26} "A. This is how it went. I talked to him for a brief moment not really getting into the interview and at that time I stopped the interview, this was about like at 10:45 in the morning, and I talked with Antoinette.
 {¶ 27} "I orally interviewed Antoinette. Antoinette went back to her house and then [the child] and I sat down on the couch in his living room and had small talk for awhile.
 {¶ 28} "I found him to be engaging. I have a lot of experience interviewing young children because that's what I do. I found him to be truthful. There was even a time when he was playing with my shoe strings on my shoes and pulling the laces untied and we talked for awhile. I asked him some questions and he gave me some answers."
 {¶ 29} This single statement in a general narrative response to a general question did not affect the substantial rights of the appellant. Crim.R. 52(B). We note that the police officer was not testifying as an expert, nor did he opine as to the child's credibility with respect to the specific allegations against appellant. Compare State v. Boston
(1989), 46 Ohio St.3d 108, 128-29. Again, we note that the child testified in this case, so the jury could assess his credibility themselves. Therefore, we overrule the fifth assignment of error.
 Closing Argument {¶ 30} Appellant's sixth assignment of error asserts that the prosecutor improperly argued facts not in evidence as part of her closing argument. In her closing argument, the prosecutor said:
 {¶ 31} "I think you know it's also important to bring to your attention that when [the child] saw Miss McAliley on the 16th, there was no involvement by our office. When he told her what happened on the 16th, and in fact when he told Detective Chappelle what happened when Detective Chappelle interviewed him, Miss Snow and I weren't already working on this case. We weren't, we weren't doing that.
 {¶ 32} "Why is that significant? It's significant because after all of that happened and after the grand jury brought charges is when we first got involved and talked with [the child] and decided to go forward with this case."
 {¶ 33} We note that appellant did not object to this argument, so we must, again, evaluate this allegedly improper statement under the plain error standard. A claim of error in a criminal case cannot be predicated on an improper remark in closing argument to which the defendant did not object unless the remark denies the defendant a fair trial. Although argument based on facts not in evidence generally are not countenanced, "where the reference to matters outside the record is short, oblique, and justified as a reply to defense arguments and elicits no contemporaneous objection, there is no prejudicial error." State v.Lott (1990), 51 Ohio St.3d 160, 166. In this case, defense counsel argued that appellant should be acquitted because the charges may have been engineered or fabricated or someone may have prompted the child to falsely accuse his father of these crimes. The prosecutor's brief reference to an extrajudicial fact — that the prosecutor's office was not involved at the time the child made these statements — is a justifiable reply to the defense argument. In the context of the entire closing argument, this one, brief comment was not prejudicial. Therefore, we overrule the sixth assignment of error.
 Hearsay {¶ 34} Appellant next complains about the introduction of allegedly inadmissible hearsay testimony at trial. Hearsay is defined as "a statement, other than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R. 801(C). With certain limited exceptions, hearsay is generally inadmissible. Evid.R. 802, 803, 804.
 {¶ 35} Appellant has not identified the specific statements that he claims were inadmissible hearsay, arguing simply that the record is replete with examples. Without any identification of the specific statements involved, however, it is impossible for us to evaluate whether the statements were hearsay, and if so, whether they may have been admissible under one of the exceptions to the hearsay rule. Therefore, we may disregard this assignment of error. App.R.12(A)(2); State v. Watson
(1998), 126 Ohio App.3d 316, 321; State v. Powell, Summit App. No. 20067, 2001-Ohio-1405.
 Effective Assistance of Counsel {¶ 36} Appellant's eighth assignment of error contends that he received ineffective assistance of counsel because his attorney did not object to inadmissible evidence presented by the state or to the state's closing argument regarding matters outside the record. As we discussed in connection with the first assignment of error, a defendant who claims ineffective assistance of counsel must show that counsel's performance was deficient and that the defendant was prejudiced as a result.Strickland v. Washington (1984), 466 U.S. 668, 687.
 {¶ 37} Appellant has not shown that counsel's performance was deficient because counsel failed to object to the admission of alleged hearsay statements. Appellant has not identified the statements he claims are inadmissible, so we cannot determine whether counsel should have objected or not. Consequently, appellant has not overcome the "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance." Strickland v. Washington (1984),466 U.S. 668, 689.
 {¶ 38} We also cannot say that the outcome of the trial clearly would have been different if counsel had objected to either the prosecutor's closing argument or to the alleged opinion testimony regarding the child's truthfulness. Therefore, we overrule the eighth assignment of error.
 Manifest Weight of the Evidence {¶ 39} Finally, appellant contends the manifest weight of the evidence does not support his convictions. In evaluating the weight of the evidence, the court sits as a "thirteenth juror," evaluating "`the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other.'" Statev. Thompkins (1997), 78 Ohio St.3d 380, 387 (emphasis in original; quoting Black's Law Dictionary (6th Ed. 1990) 1594).
 {¶ 40} "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Martin (1983), 20 Ohio App.3d 172, 175.
 {¶ 41} Thompson contends that the jury ignored inconsistencies in the child's testimony, and failed to accept a defense witness's testimony that the child was not at appellant's home from July 4 to July 30, 2000. However, the jury was the factfinder, charged with judging the credibility of the testimony; it was not required to accept the testimony of either the defense witness or the child. Therefore, we overrule the ninth assignment of error.
 {¶ 42} The trial court's judgment is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, J. and FRANK D. CELEBREZZE, JR., J. CONCUR.
 APPENDIX ASSIGNMENTS OF ERROR
"[I.] The appellant was denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution, when his counsel failed to move to dismiss the indictment pursuant to the statutory speedy trial requirements of R.C. 2945.71 et seq.
"[II.] The trial court committed plain error when it failed to dismiss the indictment for want of speedy trial pursuant to R.C.2945.71 et seq.
"[III.] Mr. Thompson was denied his right to indictment by a grand jury when he was convicted of in counts one and three of crimes different from the criminal activity considered by the grand jury and charged in the indictment returned in the instant case.
"[IV.] The trial court denied Mr. Thompson due process of law by failing to dismiss the allegation of force in count two of the indictment in light of the insufficiency of the evidence presented by the state.
"[V.] The trial court committed plain error when it permitted the state to introduce improper opinion testimony concerning the truthfulness of Christian Willis' allegations and concerning Mr. Thompson's guilt.
"[VI.] The prosecutor violated Mr. Thompson's rights under Article I, Section 10 of the Ohio Constitution, the confrontation clause of theSixth Amendment to the Untied [sic] States Constitution and the due process clause of the Fourteenth Amendment to the United States Constitution when she improperly argued facts not in evidence during her closing argument.
"[VII.] Mr. Thompson's federal and state constitutional rights to confrontation of witnesses was denied by the admission of a large amount of inadmissible hearsay statements.
"[VIII.} The appellant was denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution by his counsel's ineffectiveness during trial.
"[IX.] The verdicts were against the manifest weight of the evidence.
[1] Assignment of error number IV is missing from the listing at the beginning of appellant's brief, but it does appear in the text of the brief.
[2] The parties' briefs discuss a holder which they claim was issued in connection with an alleged violation of community control sanctions imposed on appellant in another case, case no. 388,848. This holder may have demonstrated that appellant was not being held solely on the pending charge, so that the triple count provision was inapplicable.