[Cite as *State v. Powell*, 2018-Ohio-1276.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | | |
| Plaintiff-Appellee, | : | Case Nos. 17CA3586 | |
| | | 17CA3587 | |
| v. | : | | |
| | | DECISION AND | |
| NICHOLAS POWELL, | : | JUDGMENT ENTRY | |
| Defendant-Appellant. | : | RELEASED 03/29/2018 | |

APPEARANCES:

Michael L. Benson and Mark D. Tolles, II, Benson & Sesser, LLC, Chillicothe, Ohio for defendant-appellant.

Matthew S. Schmidt, Ross County Prosecuting Attorney, and Pamela C. Wells, Ross County Assistant Prosecuting Attorney, Chillicothe, Ohio for plaintiff-appellee.

Hoover, P.J.,

{¶ 1} Defendant-appellant, Nicholas Powell, appeals the judgments of the Ross County Court of Common Pleas denying his motions to suppress, convicting him of 11 counts of trafficking in cocaine, and sentencing him to 96 months in prison. On appeal, he argues that his speedy trial and Fourth Amendment rights were violated. For the following reasons, we affirm the judgment of the trial court.

**I. Facts and Procedural History**

{¶ 2} In November 2015, Powell was charged in case number 15 CR 375 with six counts of trafficking in cocaine in violation of R.C. 2925.03, each a felony of the fifth degree; one count of complicity to trafficking in cocaine in violation of R.C. 2923.03, a felony of the fifth degree; and one count of trafficking in cocaine in violation of R.C. 2925.03, a felony of the fourth

degree. In December 2015, he was charged in case number 15 CR 416 with four additional counts of trafficking in cocaine in violation of R.C. 2925.03, felonies of the fifth degree.

{¶ 3} In March 2016, Powell filed a multi-branch motion in both cases. Branch A challenged the State's preservation of evidence. Branch B alleged Fourth Amendment violations. Branch C challenged the State's compliance with Crim.R. 16. Branch D challenged the admissibility of laboratory reports and other physical evidence. Finally, Branch E challenged the admissibility of alleged hearsay statements.

{¶ 4} In June 2016, a motion hearing was held where the State presented testimony from three law enforcement officers. Detective Twila Goble of the Chillicothe Police Department testified that in March 2015 she and her then-partner, Charles Campbell, used a confidential informant, T.P., to conduct a controlled buy with Powell in order to establish probable cause to search his home. T.P. was outfitted with an audio transmitter that allowed her and her partner to hear the transaction. However, the audio was not preserved because "at that time we did not believe [T.P.] would testify so we were just going for probable cause and normally in our business we don't save our recordings for a probable cause warrant."

{¶ 5} Thereafter, T.P. decided to testify against Powell so Detective Goble began investigating him for drug trafficking. Between April 2015 and May 2015, T.P. conducted four more controlled buys with Powell. T.P. was again outfitted with a recording device, which captured video of each buy, as well as audio of one of them. However, the recordings were not admitted into evidence at the suppression hearing.

{¶ 6} Detective Christopher Davis of the Ross County Sherriff's Office testified that in June 2015 he used another confidential informant, M.O., to conduct three more controlled buys

with Powell. M.O. was equipped with a recording device, which captured audio and video of each buy. However, the recordings were not admitted into evidence at the suppression hearing.

{¶ 7} Finally, Officer Jeffrey Demint of the Chillicothe Police Department testified that in September 2015 he used the first confidential informant, T.P., to conduct four more controlled buys with Powell. T.P. was equipped with a recording device, which captured audio and video of each buy. However, the recordings were not admitted into evidence at the suppression hearing.

{¶ 8} The confidential informants did not testify at the suppression hearing. However, the law enforcement officers testified that for each controlled buy, the confidential informants were paid money for their participation. M.O. also received a deal from the Ross County Prosecuting Attorney in an unrelated matter for his involvement. The defense did not present any witnesses at the suppression hearing.

{¶ 9} On June 17, 2016, Powell filed a brief in support of his multi-branch motions. With respect to Branch B, he argued that he demonstrated that there was an unlawful search and seizure which then shifted the burden to the State to establish that the search and seizure fell within an exception to the warrant requirement. Specifically, Powell argued that the State failed to (1) have the confidential informants testify they were allowed in the home or that the narcotics were in plain view (2) have the law enforcement officers authenticate any of the recordings in its possession that may have shown him granting the confidential informants consent to enter the residence or (3) have the law enforcement officers testify that they personally witnessed Powell let the confidential informants into his home.

{¶ 10} On June 27, 2016, the trial court denied Powell's motions. In doing so, it stated:

One paid CI entered defendant's home 9 times. The other paid CI entered defendant's home 3 times. The state alleges that defendant sold controlled substances a total of 12 times.

* * *

Defendant submits that the state should have had the CIs testify; the officers testify as to defendant's consent for the CIs to enter his home; or the audio and video tapes played. However, based on the evidence presented, the Court finds that the State has met its burden of proof.

The Court finds by probable cause that the state did not violate defendant's Fourth Amendment protections. Defendant did not have an expectation of privacy in any conversation or transaction he had with CIs whom he had invited into his home on multiple occasions.

{¶ 11} On November 10, 2016, Powell pleaded no contest to the charges in case number 15 CR 416; and the trial court issued a finding of guilt. The charges in case number 15 CR 375 proceeded to trial where he was found guilty of 7 of the 8 counts. He was sentenced to a total aggregate of 96 months in prison in case numbers 15 CR 375, 15 CR 416, and 16 CR 349.

## II. Assignments of Error

{¶ 12} On appeal, Powell assigns the following errors for our review:

Assignment of Error No. I:

THE TRIAL COURT ERRED IN OVERRULING DEFENDANT-APPELLANT NICHOLAS POWELL'S MOTION TO SUPPRESS IN CASE NOS. 15-CR-375 AND 15-CR-416.

Assignment of Error No. II:

THE TRIAL COURT ERRED IN FAILING TO DISMISS THE CHARGES AGAINST DEFENDANT-APPELLANT NICHOLAS POWELL IN CASE NO. 15-CR-416 ON THE GROUNDS THAT HIS STATUTORY RIGHTS TO A SPEEDY TRIAL WERE VIOLATED, WHERE THE STATE FAILED TO BRING HIM TO TRIAL WITHIN THE MANDATORY TIME PERIOD SET FORTH IN R.C. 2945.71 AND R.C. 2945.72.

## II. Law and Analysis

### A. The Trial Court Did Not Err in Denying Powell's Motion to Suppress Where Powell Failed to Establish That He Was Subjected to a Warrantless Search or Seizure

{¶ 13} In his first assignment of error, Powell claims that the trial court erred in denying his motions to suppress. Specifically, he contends that the evidence obtained from the controlled buys should have been suppressed because the State failed to satisfy its burden of establishing that an exception to the warrant requirement applied to the controlled buys that allegedly occurred inside his home.

{¶ 14} Appellate review of a trial court's ruling on a motion to suppress presents "a mixed question of law and fact." *State v. Burnside*, 100 Ohio St.3d 152, 2003–Ohio–5372, 797 N.E.2d 71, ¶ 8. "When considering a motion to suppress, the trial court assumes the role of the trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of the witnesses." *State v. Roberts*, 110 Ohio St.3d 71, 2006–Ohio–3665, 850 N.E.2d 1168, ¶ 100, citing *State v. Mills*, 62 Ohio St.3d 357, 366, 582 N.E.2d 972 (1992). Consequently, in its review, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Belton*, 149 Ohio St.3d 165, 2016–Ohio–1581, 74 N.E.3d 319, ¶ 100; *State v. Landrum*, 137 Ohio App.3d 718, 722, 739 N.E.2d 1159 (4th Dist.2000). However, an appellate court determines as a matter of law, without deferring to the trial court's conclusions, whether the trial court reached the correct legal conclusion in analyzing the facts of the case. *Belton* at ¶ 100; *Roberts* at ¶ 100; *Burnside* at ¶ 8. " '[I]n reviewing a trial

court's ruling on a motion to suppress, an appellate court may consider only evidence that was presented during the suppression hearing and may not consider evidence presented at trial.' " *State v. Tolbert*, 4th Dist. Washington No. 15CA5, 2015-Ohio-4733, ¶ 39, quoting *State v. Gartrell,* 2014-Ohio-5203, 24 N.E.3d 680, fn. 2 (3d Dist.).

{¶ 15} " 'The Fourth Amendment to the United States Constitution and the Ohio Constitution, Article I, Section 14, prohibit unreasonable searches and seizures.' " *State v. Shrewsberry*, 4th Dist. Ross No. 13CA3402, 2014-Ohio-716, ¶ 14, quoting *State v. Emerson*, 134 Ohio St.3d 191, 2012-Ohio-5047, 981 N.E.2d 787, ¶ 15. "The Fourth Amendment protects the individual's actual and justifiable expectation of privacy from the ear and eye of the government." *State v. Buzzard*, 112 Ohio St.3d 451, 2007-Ohio-373, 860 N.E.2d 1006, ¶ 13, citing *Smith v. Maryland*, 442 U.S. 735, 740-741, 99 S.Ct. 2577, 61 L.Ed.2d 220 (1979); *Katz v. United States*, 389 U.S. 347, 351, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). Accordingly, absent a few well-delineated exceptions, the State is prohibited from making unreasonable intrusions into areas where people have legitimate expectations of privacy without a search warrant. *State v. Bradford*, 4th Dist. Adams No. 09CA880, 2010-Ohio-1784, ¶ 25, and cases cited therein. Without question, a person has a reasonable expectation of privacy in their home. *Lewis v. U.S.*, 385 U.S. 206, 211, 87 S.Ct. 424, 17 L.Ed.2d 312 (1966). Thus, "a warrantless entry into a home is presumptively unlawful." *State v. Cooper*, 2d Dist. Montgomery No. 20845, 2005-Ohio-5781, ¶ 16, citing *State v. Hawkins*, 2d Dist. Greene App. No. 2002–CA–85, 2003–Ohio–1851 and *State v. Pinson*, 2d Montgomery App. No. 20927, 2005–Ohio–4532.

{¶ 16} In *City of Xenia v. Wallace*, 37 Ohio St.3d 216, 219, 524 N.E.2d 889 (1988), the Ohio Supreme Court held that "to suppress evidence obtained pursuant to a warrantless search or seizure" the defendant must not only "raise the grounds upon which the validity of the search or

seizure is challenged in such a manner as to give the prosecutor notice of the basis for the challenge" but also "demonstrate the lack of a warrant." In other words, the defendant must not only raise the grounds upon which the validity of the search or seizure is challenged in such a manner as to give the prosecutor notice of the basis for the challenge (*i.e.*, filing a motion to suppress) but he must "demonstrate[] that he was subjected to a warrantless search or seizure." *State v. Davis*, 2016-Ohio-3539, 67 N.E.3d 33, ¶ 25 (4th Dist.), citing *State v. Eatmon*, 4th Dist. Scioto No. 12CA3498, 2013-Ohio-4812, 2013 WL 5914938, ¶ 11. "Once the defendant demonstrates that he was subjected to a warrantless search or seizure, the burden shifts to the state to establish that the warrantless search or seizure was constitutionally permissible." *State v. Johnson*, 4th Dist. Scioto No. 14CA3618, 2014–Ohio–5400, ¶ 13, citing *State v. Roberts*, 110 Ohio St.3d 71, 2006–Ohio–3665, 850 N.E.2d 1168, ¶ 98.

{¶ 17} Here, there was no evidence presented at the suppression hearing that any of the controlled buys occurred inside Powell's home or any area in which he had a reasonable expectation of privacy. For example, there was no testimony that the law enforcement officers observed the confidential informants entering Powell's home prior to the controlled buys or that Powell exchanged texts messages with the confidential informants prior to the controlled buys indicating that the buys were taking place inside Powell's home. Furthermore, while the law enforcement officers testified on cross-examination that they did not obtain warrants for any of the controlled buys, that does not necessarily mean that the controlled buys occurred inside Powell's home or any area in which he had a reasonable expectation of privacy. Furthermore, the recordings of the controlled buys were not admitted into evidence; therefore, no way exists to independently determine the location of the buys.

{¶ 18} When a defendant seeks to suppress evidence on Fourth Amendment grounds, his burden is two-fold. First, he must "raise the grounds upon which the validity of the search or seizure is challenged in such a manner as to give the prosecutor notice of the basis for the challenge." Then, he must demonstrate—not merely allege—that he was subjected to a warrantless search or seizure. *See Wallace* at 219. If he satisfies that burden, then the burden shifts to the State to establish that the warrantless search or seizure was constitutionally permissible. *Johnson*, 4th Dist. Scioto No. 14CA3618, 2014–Ohio–5400, ¶ 13, citing *Roberts*, 110 Ohio St.3d 71, 2006–Ohio–3665, 850 N.E.2d 1168, ¶ 98. Since Powell failed to demonstrate at the suppression hearing that he was subjected to a warrantless search or seizure (i.e., that state actors entered his home without a warrant), his motion to suppress was properly denied.

{¶ 19} Furthermore, even if we were to assume that the controlled buys did occur in Powell's home, by the very nature of the transaction the trial court could reasonably conclude, as it did, that any entry of the confidential informants into the home was with Powell's consent. On twelve occasions the confidential informants, under the direction of law enforcement, met with Powell, and each time the confidential informants returned with illegal drugs. Needless to say, competent and credible evidence presented at the suppression hearing supports the trial court's conclusion that Powell was a willing participant in the transaction, and that any presence of the confidential informants in his home was with his knowledge and consent. Thus, an illegal search did not occur and the State was not required to have a search warrant.

{¶ 20} Accordingly, we overrule Powell's first assignment of error.

### B. Powell Waived Any Speedy Trial Challenge by Not Filing a Motion to Dismiss in the Trial Court

{¶ 21} In his second assignment of error, Powell claims that his statutory speedy-trial rights were violated in case number 15 CR 416. Specifically, he claims that when he entered a

no-contest plea in November 2016 in case number 15 CR 416, more than 270 speedy trial days had elapsed.

{¶ 22} R.C. 2945.73(B) states, "[u]pon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by sections 2945.71 and 2945.72 of the Revised Code." "Thus, the statute requires the accused to file the motion before trial." *State v. Ross*, 4th Dist. Ross No. 04CA2780, 2005-Ohio-1888, ¶ 20, citing *State v. Thompson*, 97 Ohio App.3d 183, 186-187, 646 N.E.2d 499 (6th Dist.1994).

{¶ 23} Here, Powell did not file a motion to dismiss alleging a speedy trial violation during the trial court proceedings; and his failure to do so results in a waiver of the issue on appeal. *E.g.*, *Ross* at ¶ 20 (appellant's speedy trial challenge waived where he did not timely move to dismiss the case on speedy trial grounds in the trial court).

{¶ 24} Accordingly, we overrule Powell's second assignment of error.

### IV. Conclusion

{¶ 25} Having overruled Powell's assignments of error, we affirm the judgment of the trial court.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED. Appellant shall pay the costs.

The Court finds that reasonable grounds existed for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. and Abele, J.: Concur in Judgment and Opinion.

For the Court

By:_____
      Marie Hoover, Presiding Judge

### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**